IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| WALTER MOUNTAIN, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Case No. 02-6035-CV-SJ-GAF |
| MIKE KEMNA, et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER

Presently before this Court is a Motion for a New Trial filed by the Plaintiff, Walter Mountain ("Mountain"). (Doc. #138). Mountain argues that he is entitled to a new trial because the Court erred in admitting evidence of Mountain's prior criminal convictions, specifically Mountain's assault of a corrections officer. Id. Additionally, Mountain asserts that the Court erred in admitting evidence of his numerous conduct violations while incarcerated. Id. Finally, Mountain contends that he is entitled to a new trial because the Court permitted testimony that Billy Campbell, a witness called by Mountain, had been convicted of rape fifteen years ago. Id. This Motion is opposed by the Defendants, Mike Kemna, et. al. (collectively referred to as "Defendants"). (Doc. #140). For reasons set forth more completely below, Mountain's Motion for a New Trial is DENIED.

## DISCUSSION

I.  Facts

Mountain initially filed this action pro se on April 8, 2002. (Doc. #1). Arguing that he was

1

assaulted by prison officials, Mountain sought recovery under 42 U.S.C. § 1983. Id. The case proceeded to trial on October 18, 2004. (Doc. #129). On the second day of the trial, Mountain testified that in the early morning hours of September 1, 2000, while incarcerated at Crossroads Correctional Center, he was assaulted by two corrections officers, Steven Brown and Shawn Pettigrew. (Tr. of Pl.'s Test. 14:1-17:18). Mountain testified that prior to this alleged assault he had been involved in an altercation with Larry Williams, another Crossroads employee. (Tr. of Pl.'s Test. 3:4-6). Mountain further testified that during the assault, Brown and Pettigrew told Mountain that "this [the assault] was for Larry Williams." (Tr. of Pl.'s Test. 17:1-6).

On cross-examination, Defendants' counsel began by asking Mountain a series of six questions about Mountain's assault of Larry Williams:

> Q: In June of 1999 you were convicted of committing violence toward an employee of the Department of Corrections and you received a 25 years sentence for that, is that right?
> A: Correct.
> Q: That was for the assault on Mr. Larry Williams?
> A: Correct.
> Q: That was because he gave you a bad grade on a test?
> A: No.
> Mr. Schottel: Objection, relevance.
> The Court: Overruled.
> Q: Why was it? Why did you assault Mr. Williams?
> Mr. Schottel: Objection, relevance.
> The Court: Overruled.
> A: I assaulted Mr. Williams because he was the head grievance officer at Crossroads Correctional Center and my personal property had been damaged when I was, when I requested protective custody and my property was not returned to me, once I reached protective custody unit at Crossroads.
> Q: Because of that you used a razor blade to stab him.
> Mr. Schottel: Objection, relevance.
> The Court: Overruled.
> A: Yes.
> Q: Because you were missing some property?

> A: No, by the way he was talking to me, because I went through the grievance, the I.R. and grievance procedure and his attitude.

(Tr. of Pl.'s Test. 33:19-34:23). Following this exchange, the Defendants' counsel proceeded to cross-examine Mountain regarding his prior conduct violations while incarcerated:

> Q: In addition to your criminal convictions between 1992 and 2000 you received 62 inmate conduct violations, does that sound right?
> A: No.
> Q: How many would you say you have received?
> A: 73.
> Q: So more than 62?
> A: Correct.
> Q: Included in those inmate conduct violations are three counts of assault, four counts of possessing contraband, 18 counts of disobeying orders, two counts of fighting, three counts of destroying property and two counts of giving false information to correctional officers, does that sound right?
> A: I don't know, I would have to review that.
> Q: Your reason to disagree with anything I said?
> A: It's pretty much official but I am saying I don't think that all them were 18 counts of disobeying a direct order. Is that what it said?
> Q: Yes, how many would you say it was?
> A: I think it was a little bit lower, about 15.

(Tr. of Pl.'s Test. 35:10-36:5).

Mountain then called Billy Campbell to testify on his behalf. (Doc. #130). Campbell testified that he heard Mountain being assaulted through the prison ventilation system and that he subsequently observed bruises on Mountain's face. (Tr. of Campbell's Test.). On cross-examination, Defendants' counsel asked Campbell, "In '91 you were sentenced to ten years for rape, is that right?" Campbell replied, "Yes." (Tr. of Campbell's Test. 85:22-24). After Campbell testified, the instructions were read to the jury and the parties offered closing arguments. (Doc. #130). The jury retired to deliberate at 2:59 p.m. on October 19, 2004 and returned a verdict in favor of the Defendants at 4:00 p.m. on the same day. Id.

3

Mountain asserts three grounds for a new trial. First, Mountain argues that he is entitled to a new trial because the Court allowed testimony regarding the specifics of Mountain's assault of Larry Williams over the objections of Mountain's counsel and a pre-trial ruling on a motion in limine wherein the Court instructed Defendants' counsel to redact the details of Mountain's assault on Larry Williams. (Doc. #138). Second, Mountain argues that a new trial is warranted because the Court allowed Defendants' counsel to cross-examine Mountain about his numerous conduct violations while he has been in the custody of the Missouri Department of Corrections. Id. Finally, Mountain argues that a new trial is necessary to remedy the prejudice Mountain suffered as a result of the Court allowing Defendants' counsel to cross-examine Billy Campbell about his prior rape conviction and then refer to Campbell as a "rapist" during his closing remarks. Id.

The Defendants argue that Mountain's Motion should be denied because Mountain fails to identify the specific evidence or testimony which he believes was improperly introduced. (Doc. #140). The Defendants assert that they "offered very little evidence, if any, in regards to [sic] the specific nature of the altercation" with Larry Williams. Id. The Defendants argue that if they did introduce such evidence, it would be admissible because it is relevant to prove the motivation the Defendants may or may not have had to allegedly assault Mountain. Id. With respect to the evidence of Mountain's voluminous conduct violations, the Defendants observe that Mountain failed to object to the admission of such evidence at trial. Id. Similarly, the Defendants note that Mountain failed to object to the Defendants' counsel's questioning of Billy Campbell regarding his prior conviction for rape. Id. Finally, the Court notes that the word "rapist" is not found anywhere in the transcript of the Defendants' counsel's closing argument.

**II.    Standard**

Mountain seeks a new trial on the grounds that the Court erred in admitting evidence of Mountain's assault on Larry Williams, Mountain's prison conduct violations, and Campbell's prior rape conviction. Fed. R. Civ. P. 59 governs the granting of a new trial and provides:

> A new trial may be granted to all or any of the parties and on all or part of the issues in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States.

It is well-settled in the Eighth Circuit that "the decision to grant a new trial is left to the sound discretion of the trial court, and the reviewing court will not disturb a trial court's decision absent clear abuse of discretion." Watson v. O'Neill, 365 F.3d 609, 614 (8th Cir. 2004), Pullman v. Land O'Lakes, Inc., 262 F.3d 759, 762 (8th Cir. 2001); *See also* Long v. Cottrell, Inc., 265 F.3d 663, 667 (8th Cir. 2001), McBryde v. Carey Lumber Co., 819 F.2d 185, 188 (8th Cir. 1987). A motion for a new trial will be granted only where a "miscarriage of justice" occurred in the first trial. Larson v. Farmers Coop. Elevator of Buffalo Ctr., 211 F.3d 1089, 1095 (8th Cir. 2000). A movant is entitled to a new trial where a "substantial error" prejudices the rights of the parties and unfairly influences a jury's verdict. Pullman, 262 F.3d at 762; Alholm v. American Steamship Co., 144 F.3d 1172, 1181 (8th Cir. 1998). "Prejudicial error is error which in all probability produced some effect on the jury's verdict and is harmful to the substantial rights of the party assigning it." Id.

Improper questions that elicit prejudicial evidence may entitle the aggrieved party to a new trial. Long, 265 F.2d at 667. However, the trial court has discretion in determining whether a question is so prejudicial as to warrant a new trial "because the trial court is in a far better position to measure the effect of an improper question on the jury than an appellate court which reviews only the cold record." Id. *See also* McBryde, 819 F.2d at 188, Williams v. Mensey, 785 F.2d 631, 637 (8th Cir. 1986). When a party
5

seeking a new trial objects to a court's evidentiary rulings, the movant "is required to denote with 'specificity with record references' the allegedly erroneous ruling and the improperly [admitted] evidence." Watson, 365 F.3d at 614-615 *quoting* United States v. Cates, 251 F.3d 1164, 1167 (8th Cir. 2001). Furthermore, a movant is not entitled to a new trial on grounds which he failed to object to at trial. Alholm, 144 F.3d 1172 at 1181.

**III.    Analysis**

As a preliminary matter, the Court notes that Mountain has failed "to denote with specificity with record references the allegedly erroneous" evidentiary rulings and the supposed improperly admitted evidence which he argues entitles him to a new trial. Mountain not only failed to present the Court with a transcript of the proceedings, Mountain failed to provide the Court with any citation to the transcript. For this reason alone, the Eighth Circuit has held that this Court may deny Mountain's Motion for a New Trial. *See* Watson, 365 F.3d at 614-615 *quoting* United States v. Cates, 251 F.3d 1164, 1167 (8th Cir. 2001). However, in the interest of justice, the Court obtained a transcript of the trial and has thoroughly reviewed it in order to rule on this Motion.

### A.    *Evidence of Mountain's Assault on Larry Williams*

Mountain contends that he is entitled to a new trial because the Court erred in admitting evidence of the specific details of Mountain's assault of Larry Williams as "the details of the assault have no relevance with respect to the truth and veracity of Plaintiff's claims against the Defendants." (Doc. #138). The Defendants argue that the nature of Mountain's assault of Larry Williams is relevant "to prove or disprove any motivation that Defendants may or may not have had to retaliate against Plaintiff." (Doc. #140). The Court finds that the details of Mountain's assault of Larry Williams are relevant and were

6

properly admitted pursuant to Fed. R. Evid. 404(b).

Fed. R. Evid. 404(b) provides in its entirety:

(b) Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. **It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident,** provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it tends to introduce at trial.

(emphasis added). The Eighth Circuit has consistently found that it is within the sound discretion of the trial judge to admit evidence of prior wrongful acts when "(1) the evidence is relevant to an issue in question other than that of the character of the [litigant]; (2) there is clear and convincing evidence that the [litigant] committed the prior acts, and (3) the potential unfair prejudice of the evidence does not substantially outweigh its probative value." Williams v. A. Mensey, 785 F.2d 631, 638 (8th Cir. 1986) *quoting* United States v. Gilmore, 73- F.2d 550, 554 (8th Cir. 1984).

Mountain asserts that the details of his assault of Larry Williams do not tend to prove or disprove the truth and veracity of his claims against the Defendants and therefore, such evidence is irrelevant. However, the specific nature of Mountain's assault of Williams is relevant to prove the Defendants' motivation to allegedly retaliate against Mountain. On direct examination, Mountain was asked if the Defendants said anything to him during the alleged assault. (Tr. of Pl.'s Test. 16:23-25). Mountain responded, "Said this was for Larry Williams and to teach me a lesson that every time I come up here I will not put my hands or do anything to any staff members again." (Tr. of Pl.'s Test. 17:1-3). By Mountain's own testimony, the nature of the assault became relevant to the jury's consideration of whether

7

the Defendants were motivated to allegedly assault Mountain in retaliation for Mountain's assault of Williams. Therefore, the evidence of Mountain's assault of Williams was relevant to an issue other than Mountain's character.

Furthermore, there was clear and convincing evidence that Mountain had assaulted Williams as neither party disputed any of the facts related to the assault. Finally, the potential unfair prejudice of the evidence does not substantially outweigh its probative value as the jury was made aware of Mountain's altercation with Williams during Mountain's direct examination and therefore would likely speculate about the nature and severity of the assault. Furthermore, Mountain put the motivation of the Defendants to allegedly assault him at issue in his direct examination thereby raising the materiality of the issue.

Here, the evidence of Mountain's prior assault on Williams is admissible pursuant to Fed. R. Evid. 404(b) as it is tends to prove the motivation the Defendants may or may not have had to assault Mountain. Mountain put the question of the Defendants' motivation in issue during his direct examination when he testified that the Defendants told him "this [is] for Larry Williams," as they allegedly assaulted him. As such, the Judge, in his sound discretion, properly admitted the details of the altercation to allow the jury to determine if Mountain's assault on Larry Williams motivated the Defendants to retaliate against Mountain. Therefore, Mountain's Motion for a New Trial is DENIED.

### B.     *Evidence of Mountain's Conduct Violations While Incarcerated*

Mountain argues that the Court erred in allowing the Defendants' counsel to cross-examine him about his voluminous conduct violations while he has been incarcerated. However, as revealed above in the excerpt of cross examination on this issue, Mountain's counsel failed to object to this testimony. "A principal that strikes very deep is that a new trial will not be granted on grounds not called to the court's

8

attention during the trial unless the error was so fundamental that gross injustice would result." Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2805. "A party will not be allowed to speculate with the court by letting error go without any comment and then seek a new trial on the basis of the error if the outcome of the case is unfavorable." Id. at § 2472. As such, "when considering a motion for new trial, a trial court will not take note of errors that were not pointed out to the district judge by the party at the proper time." Id. As the transcript reveals that Mountain's counsel failed to object to the admission of this evidence, Mountain's Motion for a New Trial is DENIED.

### C. *Evidence of Campbell's Prior Rape Conviction and References to him as a "Rapist" in Defendants' Counsel's Closing Arguments*

Similarly, the record reveals that when the Defendants' counsel asked Campbell on cross-examination about his rape conviction, Mountain's counsel failed to object. As noted above, Mountain is not entitled to a new trial for evidentiary rulings which he failed to properly object to during the trial. Furthermore, the Court conducted an exhaustive review of the transcript of Defendants' counsel's closing argument and found that the word "rapist" never appeared. As Mountain's counsel failed to object to the admission into evidence of Campbell's prior rape conviction and the word "rapist" does not appear in the transcript of Defendants' counsel's closing argument, Mountain's Motion for a New Trial is DENIED.

### **CONCLUSION**

This Court, in its sound discretion, finds that there was no "miscarriage of justice" in the admission of evidence of Mountain's assault on Larry Williams, Mountain's prison conduct violations and Campbell's prior rape conviction. As such, Mountain's Motion for a New Trial is DENIED.

**IT IS SO ORDERED.**

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
 United States District Court

DATED:   April 25, 2005